# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# COLUMBIA DIVISION

| | |
|---|---|
| **JAMES ANDREW PRITCHARD** **#609787,** | ) ) ) |
| Plaintiff, | ) ) No. 2:24-cv-00026 |
| v. | ) ) ) |
| **JOHN GARRETT, Sheriff,** *et al.*, | ) ) |
| Defendants. | ) ) |

## ORDER

Plaintiff James Andrew Pritchard, an inmate of the Morgan County Correctional Complex in Wartburg, Tennessee, filed this pro se action under 42 U.S.C. § 1983 against John Garrett, Amanda Poore, and the Overton County Sheriff's Department, alleging violations of Plaintiff's civil and constitutional rights while Plaintiff was in the custody of the Overton County Jail/Justice Center in Livingston, Tennessee. (Doc. No. 1).

By Order entered on April 13, 2024, the Court informed Plaintiff that he must take additional action for this case to proceed. (Doc. No. 5). Specifically, although Plaintiff had submitted an Application for Leave to Proceed In Forma Pauperis and a prisoner trust fund account statement (Doc. No. 2), the statement was not certified as required by statute. The Court directed Plaintiff to submit a certified inmate trust fund account statement or to submit the full civil filing fee within 30 days of the Court's Order. (Id. at 2).

The Court advised Plaintiff that he could request an extension of time to comply with the Court's Order if he did so in writing before the deadline expired. (Id.)

More than 30 days have passed since the entry of the Court's prior Order. To date, Plaintiff has not complied with the Court's instructions, paid the full civil filing fee, or asked for an

1

extension of the Court's prior deadline. It appears that Plaintiff does not intend to prosecute this action.

An action is subject to dismissal for want of prosecution where the pro se litigant fails to comply with the court's orders or engages in a clear pattern of delay. Gibbons v. Asset Acceptance Corp., No. 1:05CV467, 2006 WL 3452521, at *1 (S.D. Ohio Nov. 29, 2006); see also Pilgrim v. Littlefield, 92 F.3d 413, 416 (6th Cir. 1996). District courts have the inherent power to sua sponte dismiss an action for want of prosecution "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." Link v. Wabash Railroad, 370 U.S. 626, 630-31 (1962).

Accordingly, this action is hereby **DISMISSED** for failure to comply with the Order of the court and for want of prosecution. Fed. R. Civ. P. 41(b).

Plaintiff's IFP application (Doc. No. 2) is **DENIED AS MOOT**.

Because an appeal would not be taken in good faith, Plaintiff is not certified to pursue an appeal from this judgment in forma pauperis. 28 U.S.C. § 1915(a)(3).

This is the final Order denying all relief in this case. The Clerk **SHALL** enter judgment. Fed. R. Civ. P. 58(b).

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
UNITED STATES DISTRICT JUDGE